NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BROOKE STIBGEN, | : | Civil Action No. 20-568 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Brooke Stibgen ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 26, 2015. A hearing was held before ALJ Nancy Lisewski (the "ALJ") on June 11, 2019, and the ALJ issued an unfavorable decision on July 18, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of July 18, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional and non-exertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) at step four, the ALJ erred in considering Plaintiff's subjective reports of pain, and the residual functional capacity determination ("RFC") is not supported by the evidence of record; 2) the step five determination is not supported by substantial evidence; and 3) the Appeals Council erred.

Plaintiff's two arguments about errors in the determination of the RFC at step four suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At step four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff first argues that, at step four, the ALJ failed to properly consider Plaintiff's subjective complaints of pain. Plaintiff contends that the ALJ did not sufficiently consider the objective medical findings that are consistent with Plaintiff's complaints of pain, nor did the ALJ sufficiently consider the limiting functional effects of pain. The ALJ refers to Plaintiff's complaints of pain at numerous points in the discussion of the evidence at step four. The ALJ considered Plaintiff's statements about her symptoms, including her reports of pain, and made

these summary statements:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent with the totality of the medical record.

(Tr. 25.)   Thus, the decision shows that the ALJ considered Plaintiff's complaints of pain, but concluded that Plaintiff's statements about the limiting effects of the pain were not entirely consistent with the evidence of record.

Plaintiff's first argument, that the ALJ did not consider the objective medical findings that are consistent with Plaintiff's complaints of pain, is not supported by the decision.   Plaintiff, for example, cites the objective findings in various MRI reports of spinal and shoulder injuries, but Plaintiff does not cite any that the ALJ overlooked.   The ALJ discussed the findings in the MRI reports, but concluded that neither the spinal or shoulder injuries nor the associated pain had the limiting effect on Plaintiff's ability to work that Plaintiff contends.   The question of what evidence supports what limitations to the ability to work is the heart of the matter at step four, since the inquiry at that step focuses on Plaintiff's residual functional capacity to work.

Plaintiff also contends that the ALJ did not sufficiently consider the limiting functional effects of her pain, and here Shinseki comes into play.   The ALJ did consider the limiting functional effects of Plaintiff's pain, but concluded that Plaintiff's complaints were not entirely consistent with the evidence of record.   Shinseki requires that, to prevail on appeal of the determination at step four, Plaintiff must demonstrate both that the ALJ erred and that the error

4

was harmful. Plaintiff here has done neither; rather, Plaintiff's brief does not even recognize the ALJ's determination about the limiting effects of her pain, much less show that it was in error, and that the error harmed her. Rather, Plaintiff devotes most of the argument in the brief on this point to recounting the evidence of record that she believes is consistent with her subjective complaints. This fails to focus on persuading that the ALJ's determination was in error.

The Third Circuit has established the following four-part test to determine the credibility of a Social Security claimant's subjective complaints. That test requires:

> (1) that subjective complaints of pain be seriously considered, even where not fully confirmed by objective medical evidence; (2) that subjective pain may support a claim for disability benefits and may be disabling; (3) that when such complaints are supported by medical evidence, they should be given great weight; and finally (4) that where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence.

Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (citations and quotations omitted). Although the ALJ is required to consider the claimant's subjective complaints, the ALJ may reject these complaints when they are inconsistent with the objective medical evidence, claimant's own testimony, or other evidence in the record. Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

The ALJ determined that Plaintiff's subjective complaints are largely consistent with the evidence, except to the extent that she concludes that they are disabling. In that regard, the ALJ repeatedly described various specific reports of pain by Plaintiff, and then cited the medical evidence of record that the ALJ concluded was not consistent with the reports – in particular, pages 25 and 26 in the decision are pretty much entirely devoted to this analysis. Plaintiff challenges none of the specifics of the ALJ's analysis, but instead argues that, overall, it was

5

insufficient.  Plaintiff has not persuaded this Court that the ALJ erred in her consideration of Plaintiff's subjective complaints of pain under Third Circuit law.  The ALJ's determination that Plaintiff's statements about the disabling effects of her symptoms are not entirely consistent with the evidence of record is supported by substantial evidence.

Plaintiff next argues that the evidence of record does not support the RFC determination. This argument suffers from many of the same problems just discussed, particularly because, once more, Plaintiff largely only repeats the medical evidence that she believes best supports her case. Again, this misses the point of Shinseki: Plaintiff must demonstrate both that the ALJ erred and that the error was harmful.  Again, Plaintiff here has done neither.  The ALJ explained in detail the basis for the RFC determination – page 28 in its entirety is pretty much devoted to this explanation.  Plaintiff's brief does not address any of the specifics of the ALJ's analysis or reasoning; instead, she argues globally that the evidence of record does not support the RFC determination.  This fails to persuade this Court that the ALJ erred or that any error was harmful.

Furthermore, Plaintiff does not consider the substantial evidence standard.  This Court reviews the Commissioner's decisions under the substantial evidence standard.  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less

6

than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

While Plaintiff claims to argue that the ALJ's RFC determination is not supported by the evidence of record, what she has done is not more than to point to some contrary evidence. The ALJ reviewed this evidence, but gave other evidence greater weight. This Court cannot reweigh the evidence:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") Plaintiff has done no more here than point to the evidence that is contrary to the ALJ's conclusions and ask the Court to reweigh the evidence.

Next, Plaintiff argues that the step five determination is not supported by substantial evidence. Based on a very small detail, Plaintiff argues that the vocational expert testified that Plaintiff could *not* do the three jobs in the national economy that the expert cited. Plaintiff has

mischaracterized the testimony, in which, at the end of the examination, the ALJ and the vocational expert had a tangential colloquy about a hypothetical situation in which a hypothetical worker is "constantly" unable to tolerate interaction with a supervisor. (Tr. 66-67.) Unsurprisingly, the expert testified that such an individual could not maintain full-time employment. (Tr. 67.) This has no relevance or application to the instant case, in which the Commissioner determined that Plaintiff can have no more than occasional interaction with supervisors, and the vocational expert testified that there are jobs that the hypothetical individual with Plaintiff's characteristics can do. (Tr. 65.) The vocational expert's testimony about the job prospects for an individual who is "constantly" unable to tolerate interaction with a supervisor has no relevance to the step five determination in this case.

Last, Plaintiff argues that the Appeals Council erred in denying Plaintiff's appeal based on new and material evidence. The Commissioner, in opposition, cites the Third Circuit's decision in Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001):

> No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review. No statutory provision authorizes the district court to make a decision on the substantial evidence standard based on the new and material evidence never presented to the ALJ.

This Court has no authority to review the Appeals Council decision to deny review.

The first sentence of the authorizing statutory provision, 42 U.S.C. § 405(g), states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . ." The clear language of the statute restricts the scope of judicial review to "any final decision." Processes of the Appeals Council are not reviewable. Only the

8

final decision of the Commissioner of Social Security is reviewable.

      Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that Plaintiff was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                         s/ Stanley R. Chesler
                                                                      STANLEY R. CHESLER, U.S.D.J.

Dated: February 9, 2021